COURT OF APPEALS
DECISION
DATED AND FILED

September 24, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP976-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF1344

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KHALIL E. BUCKLEY,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Racine County: ROBERT S. REPISCHAK, Judge. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Khalil E. Buckley appeals from a judgment convicting him, after a jury trial, of first-degree intentional homicide with use of a dangerous weapon and two counts of felony bail jumping. He also appeals from the circuit court order denying his postconviction motion for a new trial. Buckley advances several claims of ineffective assistance of trial counsel and further argues that the evidence presented at trial was insufficient to support the jury's guilty verdicts. We reject Buckley's arguments and affirm.

## BACKGROUND

¶2 The parties do not dispute the following facts. The State charged Buckley in the 2020 shooting death of Marcus Caldwell in Racine after several witnesses placed Buckley at the scene with a Glock firearm immediately preceding the shooting, and reported that Buckley had fled the state immediately following the shooting.

¶3 Before the trial, the circuit court held a *Ludwig*[1] hearing to determine whether there were any outstanding plea offers. At the hearing, Buckley's trial counsel informed the court of the defense agreement with the State that if Buckley entered a plea to the homicide count as charged, the State would move to dismiss and read in the felony bail jumping counts and Buckley's other pending felony cases. In exchange for his plea, the State would "recommend a term of life imprisonment without the possibility of release to extended supervision[,]" while the "[d]efense [would be] free to argue." After confirming with counsel that he had discussed the terms of the offer with Buckley, the court

---

[1] *State v. Ludwig*, 124 Wis. 2d 600, 369 N.W.2d 722 (1985).

conducted a colloquy with Buckley to ensure that he understood the terms and was freely rejecting the plea offer. Buckley stated that he understood the agreement, he had discussed it with trial counsel, and Buckley had "told [counsel he] didn't want to take it." The case proceeded to a jury trial.

¶4 At the trial, the State presented testimony from Morgan,[2] who has a child with the deceased victim, Caldwell. Morgan testified that she had met Buckley through Snapchat and he had come from Missouri to stay in Racine with Morgan. Morgan did not want Caldwell to know that Buckley was visiting her because he might become jealous and start a fight. On the day of the shooting, Caldwell came to Morgan's apartment unannounced and found Buckley there alone. Later that afternoon, by phone, Caldwell had an argument with Morgan about Buckley.

¶5 Morgan testified that just before the shooting, Buckley came into Morgan's apartment, went briefly into the bedroom where he was keeping his belongings, and then headed back outside. When Morgan asked Buckley what he was doing and where he was going, he answered, "Don't fucking worry about it." Morgan testified she heard a gunshot less than ten seconds after Buckley left her apartment. Morgan went outside and found Caldwell dead on the ground in the dark; she never saw Buckley again, and he never returned to Morgan's apartment for his belongings.

¶6 The State presented testimony from several other witnesses, including from a neighbor, Carrie, who saw Buckley and Caldwell arguing outside

---

[2] We use pseudonyms to refer to all the testifying citizen witnesses.

just before the shooting. Carrie said as Caldwell was about to walk away from the argument, she heard Caldwell exclaim, "Oh shit, bro, bro" and then heard a gunshot. Carrie ran outside, found Caldwell lying on his side, and started CPR.

¶7     The State also presented testimony from law enforcement officers who located a spent .40 caliber Smith and Wesson bullet casing on the grass near where Caldwell was shot. Officers found an open gun case for a Glock G .22 Gen 4 handgun that uses .40 caliber Smith and Wesson ammunition among Buckley's unclaimed belongings. Officers also found a receipt indicating that Buckley had purchased two boxes of .40 caliber ammunition at Dunham's Sports in Racine just days before the shooting.

¶8     A friend of Buckley's from Missouri, Laverne, testified that she purchased a Glock handgun in Missouri and picked it up after a mandatory waiting period two days before Buckley left for Racine. Laverne, who was prosecuted federally for making a straw purchase of the Glock for her brother, testified that Buckley is a friend of her brother's so she let Buckley borrow the gun for what he described as a "family issue." Buckley took the gun with its case, and Laverne never saw the gun again.

¶9     Officers testified that inside the gun case was an envelope with two test-fired .40 caliber bullet casings that were included by the manufacturer to show that the gun was tested and functioned properly. A State Crime Laboratory firearms and toolmark expert testified at the trial that the two test-fired .40 caliber casings found inside the gun case were fired from the same gun as the spent casing found by police at the scene of the murder—a Glock G .22 Gen 4 handgun. The casings inside the gun case matched the casing found at the scene.

¶10   When the State rested, Buckley waived his right to testify at trial after a thorough waiver colloquy with the circuit court. The parties made closing arguments and, after the four-day trial, a jury found Buckley guilty of first-degree intentional homicide with use of a dangerous weapon and two counts of felony bail jumping. The court sentenced Buckley to life in prison without eligibility for extended supervision.

¶11   Buckley filed a postconviction motion alleging ineffective assistance of trial counsel on three grounds: (1) failure to properly advise Buckley of the State's pretrial plea offer; (2) failure to properly advise Buckley about his decision whether to testify; and (3) failure to object to an allegedly improper comment on Buckley's decision not to testify in the State's closing argument. The circuit court held a *Machner*[3] hearing at which both Buckley and his trial attorney testified. The court denied the motion in a written decision after concluding that Buckley failed to prove deficient performance in any respect. As critical to our analysis, the court explicitly found Buckley's attorney to be more credible than Buckley as to the testimony on each of Buckley's postconviction claims. Buckley appeals.

¶12   We include additional facts below as necessary to the discussion.

## DISCUSSION

¶13   On appeal, Buckley raises the same three ineffective assistance of counsel arguments as he did in his postconviction motion and claims they entitle him to a new trial. Buckley also argues to this court that the evidence presented at

---

[3] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

his jury trial was insufficient to support the verdicts against him. We address each of these arguments in turn below.[4]

### I.      Ineffective assistance of counsel

¶14     Buckley's first set of arguments are based on his allegation that his trial counsel was ineffective. He claims that his attorney failed to accurately convey the plea offer and possible sentencing consequences to him; failed to adequately advise him regarding his right to testify, resulting in an unknowing and involuntary waiver of such right; and, finally, failed to object to allegedly improper argument by the prosecutor.

¶15     "A claim of ineffective assistance of counsel is a mixed question of fact and law." *State v. Carter*, 2010 WI 40, ¶19, 324 Wis. 2d 640, 782 N.W.2d 695. We will sustain the circuit court's factual findings unless they are clearly erroneous. *State v. Thiel*, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305. We independently review as a question of law whether counsel was ineffective. *Id.*, ¶24.

¶16     To prove ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the defendant was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel's conduct is constitutionally deficient if it falls below an objective standard of reasonableness." *Thiel*, 264 Wis. 2d 571, ¶19. To prove that

---

[4] Although Buckley groups his appellate arguments into multiple issues, we conclude that he makes two general categories of argument—one related to trial counsel's performance and the other to the sufficiency of the evidence. We address all of Buckley's arguments within one or both of these two frameworks.

counsel's deficient performance prejudiced his defense, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In our analysis, we "may reverse the order of the two tests or avoid the deficient performance analysis altogether if the defendant has failed to show prejudice" from counsel's performance. *See State v. Johnson*, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990).

### A. *The plea agreement and sentencing consequences*

¶17    Buckley's first assertion of ineffective assistance of trial counsel involves counsel's alleged failure to inform Buckley that the circuit court did not have to accept the terms of the plea agreement and the court could impose a life sentence with the possibility of release to extended supervision after serving as little as twenty years, though no extended supervision was also a possibility. Although a defendant's failure to knowingly enter into or reject a plea may be grounds to support a claim of ineffective assistance, *see, e.g.*, *Ludwig*, 124 Wis. 2d at 609-12, the circuit court's explicit factual findings here preclude us from concluding that trial counsel rendered ineffective assistance. *See Thiel*, 264 Wis. 2d 571, ¶21.

¶18    The circuit court found that its discussion with Buckley and his trial counsel at the pretrial *Ludwig* hearing sufficiently established Buckley's understanding of what the State offered. Buckley understood that the State would recommend life without extended supervision but he would be "free to argue" for extended supervision. The court found credible trial counsel's testimony that he discussed the plea offer with Buckley and Buckley understood it. The court found

not credible Buckley's testimony that he did not understand the agreement allowed him to argue for extended supervision. The court found that Buckley rejected the plea offer because he was not willing to plead guilty to first-degree intentional homicide. It concluded that Buckley failed to prove deficient performance or prejudice.

¶19 Buckley has not effectively established, or even argued, that the circuit court's credibility findings are clearly erroneous, nor is there anything in the Record that would lead us to so conclude. At the postconviction hearing, Buckley's trial counsel testified at length regarding the discussions he had about the State's plea offer with Buckley. Counsel testified that he discussed the plea offer and Buckley understood it. The court found Buckley's testimony that he did not understand the agreement allowed him to argue for extended supervision was not credible. Instead, the court found that Buckley rejected the plea offer because he was not willing to plead guilty to first-degree intentional homicide, not because he was unaware of the possibility for extended supervision if he pled to the charge. While we rarely upset circuit courts' credibility determinations, we will do so when a credibility finding is clearly erroneous. *Lessor v. Wangelin*, 221 Wis. 2d 659, 665-66, 586 N.W.2d 1 (Ct. App. 1998) (citation omitted). Here, with ample Record evidence as corroboration, the court's finding that Buckley's self-serving testimony was not credible is not clearly erroneous.

*B. Waiver of the right to testify and the lesser-included offense instruction*

¶20 We next address Buckley's argument that trial counsel was ineffective in failing to properly advise Buckley regarding his right to testify, resulting in an unknowing and involuntary waiver of such right. Buckley waived the right to testify after a thorough waiver colloquy with the circuit court. Trial

counsel testified at the *Machner* hearing that he and Buckley discussed various defenses, sentencing arguments, and the decision whether to testify from the beginning of his representation all the way through trial. Buckley's father was involved in the discussions. Trial counsel testified that Buckley's father wanted the defense to pursue a self-defense theory, but counsel did not believe they could meet the threshold for a self-defense instruction. Counsel also testified to having considered asking for a jury instruction on second-degree intentional homicide, but that would require Buckley to testify. Counsel and Buckley settled on the defense that the State could not prove Buckley was at the scene when Caldwell was shot and could not disprove that someone else in the busy, unsecured apartment could have stolen the gun and shot Caldwell.

¶21 Trial counsel further explained that he had been concerned that if Buckley testified at the trial, it might open the door in the State's rebuttal case to other-acts evidence that Buckley twice possessed and once discharged a firearm in a Racine residential area in the months preceding the murder. Buckley testified that counsel advised him that his testimony claiming he shot Caldwell in self-defense would be inconsistent with the defense that the State failed to prove he shot Caldwell and it would hurt Buckley's credibility. Buckley claimed he did not realize that he could only get a lesser-included offense instruction if he testified, but admitted that he and trial counsel had discussed whether to request a lesser-included offense jury instruction.

¶22 The circuit court found trial counsel's testimony credible and Buckley's testimony not credible as to the issues of Buckley's decision to waive his right to testify and decision not to pursue a self-defense theory at trial. Buckley testified that counsel advised him that his testimony claiming that he shot Caldwell in self-defense would be inconsistent with the defense that the State

failed to prove he shot Caldwell. Both counsel and Buckley thought it would hurt Buckley's credibility to testify at trial that Buckley had actually shot Caldwell, but in self-defense. Buckley claimed postconviction that he did not realize that he could only get a lesser-included offense instruction if he testified at trial, but later admitted that he and counsel had discussed whether to request a lesser-included offense instruction at trial.

¶23 Buckley has provided no basis to overturn the circuit court's explicit credibility determinations. Therefore, for the same reasons that Buckley's first ineffective assistance of counsel claim failed, so does his second claim. Buckley also has failed to establish that the court's findings as to this claim are clearly erroneous.

### C. Failure to object during closing argument and alleged commentary on failure to testify

¶24 We turn now to Buckley's argument that his trial counsel was ineffective in failing to object to an allegedly improper closing argument made by the prosecutor. An attorney's performance may be deficient if the attorney could have prevented the admission of evidence by making a timely objection but failed to do so. *State v. Domke*, 2011 WI 95, ¶46, 337 Wis. 2d 268, 805 N.W.2d 364. However, an attorney's failure to make an objection that would have been properly overruled by the circuit court is not deficient performance. *See State v. Berggren*, 2009 WI App 82, ¶21, 320 Wis. 2d 209, 769 N.W.2d 110. This is because attorneys are generally not required to advance losing arguments. *State v. Cameron*, 2016 WI App 54, ¶27, 370 Wis. 2d 661, 885 N.W.2d 611 ("It is not deficient performance for counsel not to make a pointless objection."). Therefore, in considering whether trial counsel's failure to object to the statements and

arguments on this topic was deficient performance, we consider whether the challenged arguments were permissible as a matter of law.

¶25 In his rebuttal closing argument to the jury, the prosecutor stated: "Folks, there was no dispute as to who was present when [Caldwell] was shot and killed and fell to the ground on the front yard of 1231 Yout Street." The prosecutor then listed those witnesses who were nearby when Caldwell was shot. Buckley insists that counsel should have objected because this was supposedly a comment on his decision not to testify, but Buckley fails to explain how that is so.

¶26 We briefly pause to note that Buckley misquotes the jury trial transcripts in making this argument. He first states that the prosecutor "commented that 'there is no disputed' [sic] who shot Marcus Caldwell." Our independent review of the Record shows that this is not accurate; the accurate quote is presented in the paragraph above this. Buckley also asserts, without citation to the Record, that "The prosecutor argued that the jury heard no evidence disputing its account of the homicide in this case and that there was absolutely no evidence disputing its witnesses and their account of what occurred." The Record also belies this claim.

¶27 Contrary to Buckley's argument, the prosecutor never argued that the testimony of the State's witnesses was "uncontroverted." The prosecutor argued the opposite: the State's witnesses corroborated each other and refuted the defense theory that some stranger appeared and shot Caldwell with the stolen gun. As the circuit court aptly observed, arguing that evidence is "uncontroverted" is not the same as arguing that evidence is "corroborated." Buckley has failed to identify any error related to the prosecutor's closing arguments.

¶28 A conviction is not to be reversed unless the prosecutor's argument "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted); *State v. Burns*, 2011 WI 22, ¶49, 332 Wis. 2d 730, 798 N.W.2d 166. Counsel is allowed considerable latitude in closing arguments, with discretion given to the circuit court in determining the propriety of the argument. *State v. Draize*, 88 Wis. 2d 445, 454, 276 N.W.2d 784 (1979). A "prosecutor may comment on the evidence, detail the evidence, argue from it to a conclusion and state that the evidence convinces him [or her] and should convince the jurors." *Id.* (internal quotation marks omitted).

¶29 The prosecutor's brief remarks here were not inappropriate or objectionable. They did not infect the trial with unfairness. They did not reference Buckley's decision not to testify. They did not propose to the jury that Buckley's decision demonstrates his guilt. They were "a fair response" to the defense argument that the State failed to prove him guilty beyond a reasonable doubt because it did not eliminate the possibility that an unidentified stranger could have stolen the gun and shot Caldwell. *See State v. Jaimes*, 2006 WI App 93, ¶21, 292 Wis. 2d 656, 715 N.W.2d 669. The circuit court properly held that there was no reason for counsel to object because the argument was not improper. Counsel was not ineffective for failing to make a fruitless objection. *Berggren*, 320 Wis. 2d 209, ¶21.

## II. Sufficiency of the evidence

¶30 Buckley argues that the State did not present sufficient evidence for the jury to have found him guilty beyond a reasonable doubt of the charged crime. "The question of whether the evidence was sufficient to sustain a verdict of guilt

in a criminal prosecution is a question of law," which we review independently. ***State v. Smith***, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410. We "will uphold the conviction if there is any reasonable hypothesis that supports it." ***Id.***

¶31    "The burden of proof is upon the [S]tate to prove every essential element of the crime charged beyond reasonable doubt." ***Bautista v. State***, 53 Wis. 2d 218, 223, 191 N.W.2d 725 (1971). "It is well established that a finding of guilt may rest upon evidence that is entirely circumstantial[.]" ***State v. Poellinger***, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). "The credibility of the witnesses and the weight of the evidence is for the trier of fact." ***Bautista***, 53 Wis. 2d at 223. "Although the trier of fact must be convinced that the evidence presented at trial is sufficiently strong to exclude every reasonable hypothesis of the defendant's innocence in order to find guilt beyond a reasonable doubt," on appeal, the reviewing court may not substitute its "judgment for that of the trier of fact unless the evidence, viewed most favorably to the [S]tate and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *See* ***Poellinger***, 153 Wis. 2d at 503, 507. "If more than one inference can be drawn from the evidence, we must adopt the inference that supports the conviction." ***State v. Long***, 2009 WI 36, ¶19, 317 Wis. 2d 92, 765 N.W.2d 557.

¶32    We conclude the evidence, when viewed most favorably to the State and the conviction, was sufficient for a rational jury to find Buckley guilty of the first-degree intentional homicide of Caldwell. In the Background section above, we set forth the facts as established by multiple witnesses who testified at trial and described the physical evidence, including the empty gun box, the ammunition, the shell casings, and more. These facts need not be recited again here. To summarize, the defense tried to point the finger toward an unknown shooter, but

the evidence in support of Buckley's guilt was overwhelming. In light of the evidence presented at trial, Buckley has failed to persuade us that no reasonable jury could have found him guilty of the charges. *See **Poellinger***, 153 Wis. 2d at 503, 507.

## CONCLUSION

¶33 For all the reasons above, we conclude that Buckley has failed to establish ineffective assistance of trial counsel. Buckley also has not persuaded us that the evidence presented at his jury trial was insufficient to support his convictions. Buckley is not entitled to a new trial.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2023-24).